FILED
SUPERIOR COURT
OF GUAM

2024 APR 22 PM 2: 52

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **NEWPOINT REINSURANCE COMPANY LIMITED,** | **Civil Case No. CV0442-23** |
| **Plaintiff,** | |
| **vs.** | **DECISION AND ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT** |
| **PERFUTURO CAPITAL AG AND PERFUTURO INTERNATIONAL HOLDING CORPORATION, INC.,** | |
| **Defendants.** | |

This matter came before the Honorable Dana A. Gutierrez on January 23, 2024 upon a Motion to Set Aside Entry of Default, filed by Defendant Perfuturo International Holding Corporation, Inc. ("Perfuturo International"). Present at the hearing was Attorney R. Marsil Johnson representing Perfuturo International, Attorney Geri E. Diaz representing Plaintiff Newpoint Reinsurance Company Limited ("Newpoint"), and Newpoint representative Thi Anh Huynh. Based on the arguments presented, applicable Guam rules and law, and for good cause shown, the Court hereby **GRANTS** Perfuturo International's Motion to Set Aside Entry of Default.

### BACKGROUND

On August 8, 2023, Newpoint filed a Verified Complaint asserting two causes of action: (1) Against Defendant Perfuturo Capital AG: Breach of Contract on a Promissory Note; and (2) Against Defendant Perfuturo International: Unjust Enrichment. Newpoint also filed two Summonses: (1) to Perfuturo Capital AG; and (2) to Perfuturo International, addressed to Mr.

John S. Unpingco, Registered Agent. On August 15, 2023, a Declaration of Service was filed stating that "Mr. John S. Unpingco, Registered Agent" was served with the Summons and Verified Complaint on August 15, 2023, but notes "Mr. Unpingco opted not to sign, will defer to his attorney."

On September 7, 2023, Newpoint filed a Request for Entry of Default against Perfuturo International "for its failure to plead or otherwise defend as provided by the Rules of Civil Procedure," and the Clerk of Court issued its Entry of Default against Perfuturo International. Newpoint filed an Application for Default Judgment against Perfuturo International on September 13, 2023.

On September 26, 2023, Perfuturo International filed its Amended CVR 7.1 Form 1 (Set Aside of Default) ("Amended CVR"), Memorandum in Support of Motion to Set Aside Default ("Motion"), and a Declaration of Stephan Kochem in Support of Motion to Set Aside Default ("Kochem's Declaration").[1]

In Kochem's Declaration, he declared that he is a director of Perfuturo International and explained "Mr. Unpingco refused to acknowledge service by signing said Complaint and Summons and instead directed the process server to serve them upon Joseph Razzano who was identified by Mr. Unpingco to be Perfuturo [International's] corporate attorney." Kochem's Declaration at 1. Additionally, "[o]n August 22, 2023, copies of the Complaint and Summons were provided to the board of directors for Perfuturo [International] along with two letters signed

---

[1] On September 26, 2023, Perfuturo International filed its CVR 7.1 Form 1 (Set Aside of Default) ("First CVR") and then its Amended CVR. In the First CVR, Perfuturo International misstated the date it filed its Motion and the subsequent deadlines for the opposition and reply brief. The Amended CVR corrects those dates.

by Mr. Unpingco, Mr. Razzano, and others indicating that they were resigning from their positions within the organization." *Id.*

On October 24, 2023, Newpoint filed its Opposition to Defendant's Motion to Set Aside Entry of Default ("Opposition") and a Declaration of Geri E. Diaz In Support of Plaintiffs' Opposition to Defendant's Motion to Set Aside Entry of Default ("Diaz's Declaration").

In Diaz's Declaration, Diaz indicates that Newpoint is taking steps to serve Perfuturo Capital AG via the Hague Service Convention. Diaz's Declaration at 2. Newpoint confirmed this assertion at the Motion hearing. At the Motion hearing, the Court ordered that Newpoint file a status report indicating its efforts to serve Perfuturo Capital AG by February 6, 2024. However, Newpoint has not filed a status report.

## DISCUSSION

Guam Rules of Civil Procedure ("GRCP") Rule 55 provides "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011)) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).[2]

First, the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that failure is shown by an affidavit or otherwise . . . ." GRCP Rule 55(a). Following the Clerk of Court's entry of default, the Court may hear an application for default judgment to conduct an accounting, determine damages, establish the truth of allegations, or

---

[2] GRCP Rule 55 was adopted from Rule 55 of the Federal Rules of Civil Procedure. *See* GRCP Rule 55. "[B]ecause the Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure ("FRCP"), federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority." *Gov't of Guam v. O'Keefe on behalf of Heirs of Torres Est.*, 2018 Guam 4 ¶ 9 (citing *People v. Quitugua*, 2009 Guam 10 ¶ 10).

otherwise investigate the matter. GRCP Rule 55(b)(2). Alternatively, the Court may set aside an entry of default for good cause. GRCP Rule 55(c).

"The concepts of default and default judgment are distinct and must be treated separately." *Adams v. Duenas,* 1998 Guam 15 ¶ 2. The Court shall first determine whether the Clerk of Court's Entry of Default was proper, and then, if proper, whether there is good cause to set aside the Entry of Default.

### 1. The Clerk of Court's Entry of Default Was Proper

Generally, to plead or defend in a matter, "[a] defendant shall serve an answer within 20 days after the service of the summons and complaint upon that defendant . . . ." GRCP Rule 12(a). "It is well settled that when a default judgment is entered without proper service, such default is void." *Pineda v. Pineda,* 2005 Guam 10 ¶ 10. Thus, to determine whether the Clerk of Court's Entry of Default was proper, the Court must analyze whether Perfuturo International was properly served and then subsequently failed to timely plead or defend in the matter.

GRCP Rule 4(h) governs serving a corporation. That rule states that a party may serve a domestic or foreign corporation in Guam "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." GRCP Rule 4(h)(1)(B). In this matter, Perfuturo International admits that Mr. Unpingco was Perfuturo International's registered agent for service of process, and that he was served with Newpoint's Complaint and Summons on August 15, 2023. Motion at 2; Min. Entry, 10:25 AM (Jan. 23, 2024).

Because Perfuturo International was properly served Newpoint's Complaint on August 15, 2023, its deadline to file an answer or otherwise respond in accordance with GRCP 12(a) was September 4, 2023. Therefore, because Perfuturo International did not file its answer or

otherwise respond in this matter by September 4, 2023, the Clerk of Court's Entry of Default was proper.

### 2. The Court May Set Aside Entry of Default for Good Cause Shown

The Court has discretion to set aside an entry of default for good cause shown. GRCP Rule 55(c). In determining whether to vacate an entry of default, the Court must consider whether "(1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Midsea Industrial, Inc. v. HK Engineering, Ltd.,* 1998 Guam 14 ¶ 5. "A finding of but one of the three elements is sufficient to deny vacation of a default judgment." *Id.* (citing *Cassidy v. Tenorio,* 856 F.2d 1412, 1415-16 (9th Cir. 1988)).

Default judgments are generally disfavored in Guam "because deciding cases on their merits is preferred." *Adams,* 1998 Guam 15 ¶ 10; *see also Mariano v. Surly,* 2010 Guam 2 ¶ 35 (stating "whenever possible, cases should be decided on·their merits."). Further, the Supreme Court of Guam has noted that although the court will look to the same factors when considering whether to set aside an entry of default and a default judgment, the standard for setting aside entry of default is less rigorous than to set aside default judgment, and the grounds should be more liberally construed. *Adams,* 1998 Guam 15 ¶ 5.

### A. Perfuturo International's Conduct Was Not Culpable

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Midsea,* 1998 Guam 14 ¶ 31 (citing *Price v. Seydel,* 961 F.2d 1470, 1473 (9th Cir.1992)). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal

process is not 'intentional' under our default cases, and is therefore not *necessarily*—although it certainly may be, once the equitable factors are considered—culpable or inexcusable." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original).

i.  **The Fact That the Complaint Was Served on Mr. Unpingco, Who Was Presumably Aware of the Legal Repercussions of Being Served a Complaint, Does Not Indicate That Perfuturo International's Conduct Was Culpable**

The Supreme Court of Guam has stated, "default judgments should not be used to discipline attorneys; it is the client who suffers by being deprived of his day in court." *Midsea*, 1998 Guam 14 ¶ 8 (quoting *INVST. Financial Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d 391, 400 (6th Cir. 1987)). In *Midsea*, the Supreme Court of Guam affirmed the Superior Court's decision that the defendant should not suffer because of counsel's action or inaction, quoting, "although a party who chooses an attorney takes the risk of suffering from the attorney's incompetence, we do not believe that this record exhibits circumstances in which a client should suffer the ultimate sanction of losing his case without any consideration of the merits because of his attorney's neglect and inattention." *Id.* (quoting *INVST. Financial*, 815 F.2d at 400).

Newpoint argues that Perfuturo International's conduct was culpable because "Defendant's registered agent was Mr. Unpingco, who, at the time of service of the Summons and Complaint, was also a retired judge with both the Judiciary of Guam and the District Court of Guam. Accordingly, he was well versed in the legal requirements and ramifications if an Answer or response to the Verified Complaint was not filed in a timely manner." Opp'n at 6. Newpoint continues, "focus should be on the fact that both Mr. Unpingco and Mr. Joseph Razzano, another local attorney and principal officer (Assistant Secretary) of Defendant

Perfuturo International, were both fully aware of the legal repercussions in failing to file a timely Answer or response to the Complaint." *Id.*

To the contrary, at the Motion hearing, Perfuturo International argued, "culpable conduct goes to the client and the party itself, not to the attorneys involved in the matter. The attorneys of course know that you have to file answers in response to complaints, however the attorneys are not the ones that are going to suffer as a result of the failure to answer." Min. Entry, 10:29 AM. Perfuturo International continued, "it hasn't been established that there has been culpable conduct on behalf of Perfuturo International . . . . Conduct of their attorneys, especially ones that left immediately after the Complaint was filed, should not fault the client themselves." *Id.*

In this matter, the Summons and Complaint were served on Mr. Unpingco, an attorney and retired judge. Mr. Unpingco then directed the process server to serve them upon Mr. Razzano, who was identified by Mr. Unpingco to be Perfuturo International's corporate attorney. Nevertheless, Mr. Unpingco and Mr. Razzano both resigned and provided copies of the Summons and Complaint to the Perfuturo International board of directors on August 22, 2023, which was prior to the deadline to answer Newpoint's Complaint. Therefore, Newpoint's argument that Mr. Unpingco and Mr. Razzano were aware of the legal repercussions of not filing an answer is irrelevant because Perfuturo International was left without counsel shortly after the Complaint was served. Perfuturo International should not suffer from the actions of Mr. Unpingco or Mr. Razzano, especially considering both attorneys resigned before Perfuturo International's Answer to the Complaint was due.

### ii.     **Perfuturo International Showed Good Cause For Its Delay**

Perfuturo International argues "good cause exists to set aside default in this matter. . . due to the abandonment of Perfuturo [International] by its previous attorneys even though a

Complaint and Summons, pending answer or other responsive pleading, had been filed against Perfuturo [International]." Motion at 3. "Perfuturo [International], being a Guam corporation, is incapable of being represented in court by a shareholder or director of the corporation and must be represented by legal counsel. This forced Perfuturo [International] to find new legal representation on short notice, which proved difficult given that the remaining directors of Perfuturo [International] both reside in Europe." *Id.*

In his Declaration, Kochem describes that Mr. Unpingco was a director, the Registered Agent, and Secretary/Head of Legal for Perfuturo International. Kochem's Declaration at 1-2. Mr. Razzano was Assistant Secretary and was identified by Mr. Unpginco to be Perfuturo International's corporate attorney. *Id.* at 1. Additionally, two other Directors of Perfuturo International, Orlene Arriola and Ruth Anne Paredes, also resigned on August 22, 2023. *Id.* at 2. Kochem states, "[g]iven the departure of Mr. Unpingco, Mr. Razzano, Ms. Arriola, and Ms. Paredas [sic], Perfuturo was left without legal counsel and management." *Id.* Kochem continues, "I and the remaining director of Perfuturo were able to obtain alternate legal counsel in Guam when we retained Blair Sterling Johnson & Martinez, P.C. as counsel on September 20, 2023." *Id.*

Newpoint rebuts, "it is difficult to comprehend Defendant Perfuturo International's reliance on the argument that the remaining directors, both of whom reside in Europe, had difficulty finding local counsel . . . . [S]ince Defendant Perfuturo International already had existing local contacts who could have assisted the company in finding and retaining local counsel, it is reasonable to hold that its failure to file an Answer or response in a timely manner is inexcusable." Opp'n at 7.

The Court finds that Perfuturo International showed good cause for its delay in defending itself in this matter because it lost the majority of its directors and its legal counsel after being served with Newpoint's Complaint, but prior to its deadline to answer the Complaint. The Court declines to reason that the fact that Perfuturo International has local contacts on Guam indicates that its delay in finding legal counsel constitutes bad faith, especially considering it lost key management that resided on Guam and was left with only two directors who reside in Europe. The Court finds that Perfuturo International did not intentionally fail to answer, act with bad faith, intend to take advantage of Newpoint or the Court, or manipulate the legal process. Thus, Perfuturo International's conduct was not culpable.

### B.     Perfuturo International Has a Meritorious Defense

To establish a meritorious defense, the Court "must determine 'whether there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Midsea*, 1998 Guam 14 ¶ 10 (citing *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)) (emphasis added). The burden on the defendant "is not extraordinarily heavy; the only requirement is that a sufficient defense is assertible and litigation of the claims would not be a wholly empty exercise." *Pac. Renewable Energy Sols., Inc. v. Sedna Aire Americas, LLC*, 2013 WL 1352063 *5 (D. Guam Apr. 2, 2013) (citing *TCI Group*, 244 F.3d at 700); *see also Upper Deck Co. v. Flores*, 569 F. Supp. 3d 1050, 1059 (S.D. Cal. 2021) ("Defendants have a minimal burden in establishing a meritorious defense."). Any doubt regarding whether a defendant has a meritorious defense should be resolved in favor of setting aside the entry of default. *First Com. Bank, Ltd. v. McCord*, No. CV 94-00074A, 1996 WL 254334 *2 (D. Guam App. Div. May 8, 1996).

When a defendant claims a meritorious defense, the Court need not consider the truth of the factual allegations, and instead temporarily assumes their truth. *Upper Deck Co.*, 569 F. Supp. 3d at 1059; *see also Mesle*, 615 F.3d at 1094 (stating the defendant need only "allege sufficient facts that, if true, would constitute a defense"); *see also First Com. Bank, Ltd.*, 1996 WL 254334 *4 (noting that "[a]llegations are meritorious if they contain even a hint of a suggestion, which, if proven at trial, would constitute a defense.").

Perfuturo International argues it has "good and meritorious defenses to the claims for relief alleged by Plaintiff. For example, Plaintiff has not alleged that any security agreement exists or that Perfuturo [International] ever granted a security interest in the cash or the account in question." Motion at 4. At the Motion hearing, Perfuturo International elaborated "the promissory note . . . was between Newpoint and [Perfuturo] Capital AG. [Perfuturo International] was not a party to the promissory note . . . . The collateral was never perfected or secured as part of the promissory note." Min. Entry, 10:34 AM. Perfuturo International further argued, "therefore, we have two parties, two separate companies, where one company has signed a promissory note, and the Plaintiff wants to collect money owned by an entirely separate company. In Guam, you cannot do that unless there's a security agreement placing that money owned by the other company in a separate account as collateral." *Id.* at 10:35 AM.

In response, Newpoint argues that "Defendant Perfuturo International's 2022 Guam Annual Report filed at the Department of Revenue and Taxation on August 23, 2022 states that all of the corporation's 175 shares are held by Perfuturo Capital AG," and accordingly, "there was clearly a business and financial relationship between Defendant Perfuturo International and Defendant Capital AG and both would have liability for the existing Promissory Note." Opp'n at

8. At the Motion hearing, Newpoint conceded that "to date we have not yet found a particular security interest." Min. Entry, 10:36 AM.

Newpoint fails to elaborate or cite to any authority stating that the relationship between Perfuturo Capital AG and Perfuturo International necessitates joint liability for a promissory note, especially considering its statement that it has "not yet found a particular security interest." *Id.* Moreover, the Court must temporarily accept as true Perfuturo International's allegations that it was neither a party to the Promissory Note nor did its accounts serve as collateral. There is at least some possibility that Perfuturo International may successfully defend itself on the merits in this matter on the basis alleged. Therefore, Perfuturo International has raised a meritorious defense.

### C.     Newpoint Is Not Prejudiced by Setting Aside the Entry of Default

To determine whether setting aside a default is prejudicial to the plaintiff, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam). A plaintiff cannot simply "say that lapse of time resulted in prejudice, but instead there must be the presentation of evidence to support those allegations." *Midsea*, 1998 Guam 14 ¶ 16. Similarly, the Defendant may not "sit back and claim that the delay in time was inconsequential and presume no prejudice resulted." *Id.*

For a delay to be prejudicial, it must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion . . . Being forced to litigate on the merits cannot be considered prejudicial because the plaintiff would have had to litigate the merits of the case had there been no default." *Pac. Renewable Energy*, 2013 WL 1352063 *6 (internal citation omitted); *see also Cap. Yacht Club v. Vessel AVIVA*, 228 F.R.D.

389, 394 (D. D.C. 2005) ("[D]elay and legal costs are part and parcel of litigation and typically do not constitute prejudice for the purposes of Rule 55(c).").

Perfuturo International argues "[t]here is no prejudice to the Plaintiff if the default is lifted because the record to date indicates that co-defendant Perfuturo Capital AG has not been served." Motion at 3.

Regarding prejudice, Newpoint argues "it has been over six (6) months since a Notice of Default was issued to Defendants in this matter and over three (3) months when Defendant Perfuturo International was served with the Complaint." Opp'n at 9.[3] Newpoint also states "any additional delays in resolving this matter will lead to an increased potential for fraud or collusion as it is likely that Defendants will collude together to prevent the repayment of the funds. This concern stems from the multiple times Ms. Arriola, and Mr. Kochem has promised to return the funds and failed to do so." *Id.* Newpoint further states that "[s]ince Mr. Dreyer[4] and Mr. Kochem are directors for both Defendant Perfuturo International and Perfuturo Capital AG, it is reasonable to find that both entities' interests and defenses are aligned." *Id.*

Newpoint has failed to demonstrate that it will endure prejudice due to Perfuturo International's delay in filing a response in this matter. Perfuturo International's deadline to answer Newpoint's Complaint in accordance with GRCP Rule 12(a) was September 4, 2023. Perfuturo International filed its Motion on September 26, 2023. Thus, there was a twenty-two day delay between Perfuturo International's deadline to answer and when it filed its Motion. The

---

[3] The Court disagrees with Newpoint's statement of fact. Perfuturo International was served with the Summons and Complaint on August 15, 2023. The Clerk of Court entered default against Perfuturo International on September 8, 2023. Newpoint filed its Opposition on October 24, 2023. Therefore, when Newpoint filed its Opposition, it had been less than three (3) months since Perfuturo International had been served, and less than two (2) months since the Clerk of Court entered default.

[4] Mr. Alexander Dreyer is the other remaining director of Perfuturo International in addition to Mr. Kochem. *See* Motion at 2.

Court does not find this delay to be significant in light of Perfuturo International's explanation for the cause of the delay. Moreover, Newpoint has failed to show that the delay will hinder its ability to pursue its claim. Finally, even if Perfuturo International and Perfuturo Capital AG have aligned interests or defenses, without more, that does not indicate that they are likely to collude to prevent repayment of the funds.

3.      **The Court Declines to Make an Express Determination That There Is No Just Reason For Delay to Enter Final Judgment as Required by GRCP Rule 54(b)**

GRCP Rule 54(b) states that ". . . the [C]ourt may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay . . . ." In regard to this rule, Perfuturo International argues "Plaintiff has made no request that the Court make such an express determination. Further, Plaintiff has provided the Court with no factual basis for that determination." *Id.*

Entering default judgment against Perfuturo International at this time would direct an entry of final judgment against one, but not all, defendants. Perfuturo Capital AG has not yet been served, nor has Newpoint demonstrated to the Court any attempt to serve Perfuturo Capital AG despite the Court's order to provide a status report. Newpoint has not argued its position regarding the Court making such an express determination. Further, because good cause exists to set aside the Entry of Default, the Court need not address whether it finds a just reason to delay entering final judgment against Perfuturo International.

## CONCLUSION

The Court finds that Perfuturo International's conduct was not culpable, Perfuturo International has a meritorious defense, and Newpoint is not prejudiced by the Court setting aside the Entry of Default. Therefore, having reviewed the parties' arguments and the applicable

rules and law, and based on the aforementioned reasons and the strong preference to hear a matter on its merits, the Court shall set aside the Entry of Default.

The Court hereby **GRANTS** Defendant's Motion to Set Aside Entry of Default. The Entry of Default is **VACATED** and Plaintiff's Application for Default Judgment is **MOOT**. Perfuturo International must file an Answer or other responsive pleading to the Complaint within twenty (20) days of the issuance of this Decision and Order.

The Court further **ORDERS** that Newpoint file a status report regarding its attempts to serve Perfuturo Capital AG within twenty (20) days of the issuance of this Decision and Order.

SO ORDERED: _____ **APR 2 2 2024** _____.

HONORABLE DANA A. GUTIERREZ
Judge, Superior Court of Guam